Argued and submitted April 4, reversed May 21, 2008

Olivia Anne WYTCHERLY,
*Petitioner-Respondent,*

*v.*

Richard Larry LACEY,
*Respondent-Appellant.*

Josephine County Circuit Court
06CV0694; A133783

185 P3d 530

Claud Ingram argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Respondent appeals a stalking protective order (SPO) that the trial court entered against him. We review the facts supporting the SPO *de novo*. *Hanzo v. deParrie*, 152 Or App 525, 536-37, 953 P2d 1130 (1998), *rev den*, 328 Or 418 (1999). The court entered the order on the basis of a series of contacts that respondent had with petitioner in the community in which both of them lived and worked in Josephine County. Each contact on which the court relied in imposing the order arose out of legal, business, or social activities that brought petitioner and respondent together. For example, two of the five contacts occurred as a result of visits by respondent to the bank at which he banked and petitioner worked. In the course of the contacts, respondent made offensive and demeaning statements to petitioner, but he did not make any statement that could reasonably be construed to be a threat to harm petitioner physically.

Under the SPO statutes, ORS 30.866 and ORS 163.730 to 163.732, as construed in *State v. Rangel*, 328 Or 294, 301-06, 977 P2d 379 (1999), and *Hanzo*, 152 Or App at 542-44, an SPO can be entered for contacts involving expression only if the expression at issue communicated an unambiguous and unequivocal threat to cause serious physical injury to the petitioner or a member of the petitioner's family or household. Given the statements at issue here and the ill will between the parties, it is understandable that petitioner did not want to have any contact with respondent. Nevertheless, the statements made by respondent in the course of his contacts with petitioner were not statements that meet the standard for issuance of an SPO. Consequently, the court erred in entering the SPO against respondent.

Reversed.